UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDREW PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CV-441-TAV-HBG |
| | ) |
| ANDERSON COUNTY, TN, | ) |
| SOUTHERN HEALTH PARTNERS, | ) |
| STATE OF TENNESSEE, | ) |
| ANDERSON COUNTY | ) |
| DETENTION FACILITY, and | ) |
| ANDERSON COUNTY | ) |
| SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This pro se prisoner's amended complaint for violation of 42 U.S.C. 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 33].

**I.     BACKGROUND AND ALLEGATIONS OF COMPLAINT**

This § 1983 action was initiated as a multi-plaintiff lawsuit [Doc. 1]. On January 7, 2020, the Court severed the multi-plaintiff action with Plaintiff retaining the instant civil action number [Doc. 8 p. 2]. In the order severing the lawsuits, the Court ordered Plaintiff to complete a § 1983 form and return it to the Court within fourteen days [*Id.*]. Plaintiff initially failed to comply with the Court's order [Doc. 31], but after the Court entered an order instructing him of his deficiency [Doc. 32], Plaintiff filed his amended complaint as ordered [Doc. 33].

In his amended complaint, Plaintiff contends that while housed at the Anderson County Detention Facility ("ACDF"), he was evaluated by a dentist and advised that he needed some of his teeth extracted [Doc. 33 p. 6]. On July 31, 2019, ten teeth were removed from his top jaw, and on August 31, 2019, eleven teeth were extracted from his lower jaw [*Id.*]. On September 27, 2019, Plaintiff filed medical request #2559110, advising staff at ACDF of his weight loss and difficulty eating due to his extractions and requesting to be fitted for dentures [*Id.*]. In response, a deputy advised Plaintiff that dentures were not fitted at ACDF [*Id.* at 6-7]. Also on September 27, 2019, Plaintiff filed medical request #2559115, asking what steps needed to be taken to be tested for Hepatitis C [*Id.* at 7]. In response to that request, Plaintiff was advised that inmates were not tested for Hepatitis C absent "confirmed exposure or symptoms" [*Id.*].

On September 28, 2019, Plaintiff filed a grievance complaining of the denial of medical treatment at the facility [*Id.*]. A deputy thereafter advised Plaintiff that the facility had "provided [Plaintiff] with how to get dentures and [had] provided a family member with the same instructions," and that Plaintiff would not be tested for Hepatitis C absent confirmed exposure or symptoms [*Id.*]. Plaintiff appealed, complaining of the weight loss he had suffered as a result of the alleged denial of his right to medical care while housed at ACDF [*Id.* at 8]. The response "from administration" mistakenly stated that Plaintiff had not placed a sick call regarding weight loss as a result of not being able to eat properly, and Plaintiff was advised to place a sick call so that he could be evaluated if that was the case [*Id.*].

Plaintiff again filed a grievance on October 15, 2019, regarding the denial of dentures at ACDF [*Id*. at 9]. Plaintiff was again advised by a lieutenant that the County did not have a duty to provide him dentures [*Id*.]. Plaintiff filed yet another grievance concerning the denial of dentures the following day, and a captain at ACDF responded that "it has been found that [Plaintiff] pushed this grievance in an attempt to have jail administrators send [him] to prison[.] [T]he evidence will be saved" [*Id*.].

Thereafter, Plaintiff filed the instant lawsuit requesting the Court award him monetary damages and order medical and dental treatment for inmates at ACDF [*Id*. at 3].

## II. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

As a preliminary matter, the Court finds that Plaintiff cannot maintain suit against the State of Tennessee. The Eleventh Amendment to the United States Constitution bars Plaintiff's claims for damages against the State, regardless of the nature of the relief sought. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, Plaintiff has failed to state a claim against the State of Tennessee, and it will be **DISMISSED**.

Next, the Court notes that to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). Here, Plaintiff has named both ACDF and the Anderson County Sheriff's Department as Defendants. However, neither the County Jail nor the Sheriff's Department is a "person" amenable to suit within the meaning of § 1983. *See, e.g., Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, Plaintiff

cannot maintain suit against these entities, and both ACDF and the Anderson County Sheriff's Department will be **DISMISSED**.

Turning to the remaining Defendants, the Court finds it well settled law that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994)). Deliberate indifference "entails something more than mere negligence" but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834. Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

Plaintiff maintains that Anderson County, Tennessee, and ACDF's contract medical provider, Southern Health Partners, have denied him adequate medical testing and dental treatment. For either of these entities to be responsible for the violations alleged, Plaintiff must identify a policy or custom that caused his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978) (holding local governments can be sued under § 1983 for constitutional deprivations made pursuant to custom or policy); *Miller v. Sanilac*, 606 F.3d 240, 254-55 (6th Cir. 2010) (holding plaintiff must show that policy or

5

custom of company was "moving force" behind the alleged deprivation of rights to prevail in § 1983 action). The Supreme Court has held:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bd. of County Commr's v. Brown*, 520 U.S. 397, 403-04 (1997) (citation and internal citation omitted).

With the foregoing standards in mind, the Court finds that Plaintiff has not stated a claim that he was denied adequate medical testing and/or treatment due to ACDF's refusal to test him for Hepatitis C. While the Court assumes that Hepatitis C is a serious medical condition, Plaintiff has not alleged any facts that would allow the Court to infer that he has been exposed to Hepatitis C, much less that he has contracted the disease. Therefore, under these facts, the Court finds that ACDF's failure to offer Plaintiff Hepatitis C testing does not state a constitutional claim, and Plaintiff's claim for the denial of adequate medical testing will be **DISMISSED**. *See Estelle*, 429 U.S. at 107 (holding prisoner's difference of opinion regarding diagnosis or treatment does not rise to level of Eighth Amendment violation).

The Court reaches a different conclusion, however, with regard to Plaintiff's claim for the denial of adequate dental care. In the Sixth Circuit, "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important

needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)). Whether a plaintiff has stated a cognizable claim for inadequate dental or medical care "can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." *Id*. (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Liberally construing Plaintiff's complaint, the Court finds Plaintiff's allegation that he was repeatedly denied dentures after complaining of difficulty eating and losing weight is sufficient at this stage to state a plausible claim that Anderson County (as the entity that operates the ACDF) and Southern Health Partners (as ACDF's contract medical provider) have a custom or policy of not providing adequate dental treatment to the inmates in their care. Accordingly, Plaintiff's claim for the denial of adequate dental care will **PROCEED** as to Defendants Anderson County, Tennessee, and Southern Health Partners.

## IV. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's claim that Anderson County, Tennessee, and Southern Health Partners denied him adequate dental care shall **PROCEED**;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Anderson County and Southern Health Partners;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

7

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. Defendants State of Tennessee, Anderson County Detention Facility, and Anderson County Sheriff's Department are **DISMISSED**; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE